# IN THE COURT OF APPEALS OF IOWA

No. 20-1547
Filed January 21, 2021

**IN THE INTEREST OF O.N.,**
**Minor Child,**

**O.N., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Paul G. Crawford,

District Associate Judge

A father appeals the termination of his parental rights to his child.

**AFFIRMED.**

Christian J. Stickrod of Boliver Law Firm, Marshalltown, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Mary Cowdrey of Public Defender's Office, Marshalltown, attorney and

guardian ad litem for minor child.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

A father appeals the termination of his parental rights to his child, born in 2015, pursuant to Iowa Code section 232.116(1)(b) (2020). He argues the juvenile court denied him "due process in terminating his parental rights on a ground not argued by the State" and urges the statutory exception to termination contained in section 232.116(3)(a) should have been applied to preclude termination. Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

The State contests error preservation on the father's due process claim, taking the position the father was required to raise the issue in a post-ruling motion to preserve error. The father claims his timely filing of a notice of appeal preserved error. But appealing in a timely fashion has nothing to do with error preservation. Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, Drake L. Rev. 39, 48 (Fall 2006). Rather than raise the complaint for the first time on appeal, the proper procedure to preserve error was to file a motion raising the court's alleged error prior to appealing. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012). In any event, as the State also points out, the State's termination petition alleged section 232.116(1)(b) as a ground for termination, and that ground was never withdrawn. The father was provided with notice and an opportunity to be heard on the issue, which satisfies the minimum requirements of due process. *See Behm v. City of*

*Cedar Rapids*, 922 N.W.2d 524, 566 (Iowa 2019); *see also* Iowa Code § 232.112(1). We find no due process violation.

We turn to the father's claim the juvenile court should have applied the exception contained in section 232.116(1)(a), which allows the court to forego termination when "[a] relative has legal custody of the child." We first note the application of the statutory exceptions to termination is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)).

The child remains in his mother's legal custody. The father has a long history of domestically abusing the mother and violating ensuing no-contact orders. In November 2019, the father was sentenced on his guilty pleas to domestic abuse assault while using or displaying a dangerous weapon and child endangerment, both stemming from the father's previous assault of the mother. The father was sentenced to terms of imprisonment not to exceed two years on each count, to be served consecutively with one another and with his contemporaneously entered indeterminate prison sentences in a separate felony case on convictions of second-degree burglary (ten years), domestic abuse assault causing bodily injury (one year), and stalking while being the subject of a protective order (five years).[1] Five-year no-contact orders were entered prohibiting the father's contact with both the mother and child. While the father could be paroled earlier, his tentative discharge date from prison is in 2028. The child has witnessed the father's abuse of the mother, and he fears any prospect of the father's return. Given these

---

[1] The sentences on the burglary and assault convictions in the felony case were ordered to be served concurrently.

circumstances, we conclude applying the exception and foregoing termination would be contrary to the child's best interests, and we affirm the termination of the father's parental rights.

**AFFIRMED.**